**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jan 19 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STACEY L. CERTAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A02-1106-CR-546 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1011-FC-142

**January 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Stacey L. Certain appeals his sentence for operating a motor vehicle after forfeiture of license for life as a class C felony. Certain raises one issue, which we restate as whether his sentence is inappropriate. We reverse and remand.

The relevant facts follow. On November 15, 2010, Deputy David Rozzi stopped a vehicle driven by Certain for failure to signal a turn. Deputy Rozzi checked the records of the Bureau of Motor Vehicles (the "BMV") and discovered that Certain's license was suspended as a habitual traffic violator for life.

On November 17, 2010, the State charged Certain with operating a motor vehicle after forfeiture of license for life as a class C felony. On February 17, 2011, Certain pled guilty as charged.[1] At the sentencing hearing, Certain testified that he would have lost his job if he had not gone to work on November 15, 2010, and that he drove because his sister, mother, and mother's companion could not give him a ride. At the time of the offense, Certain lived in Monticello, Indiana, and worked in Dayton, Indiana. Certain testified that he did not live closer to where he was employed because he had just been released from prison and could not yet afford to do so. In his version of the offense attached to the presentence investigation report (the "PSI"), Certain states that he did not have a ride to work on November 15, 2010, that he had called everyone he knew for a ride and no one could do it, that he had recently obtained custody of his daughter, that he really needed the work to support his daughter, that he did not want to lose the only work he was getting at the time, that he "broke down and drove to work," and that he was

---

[1] The February 17, 2011 entry in the chronological case summary and court's order dated February 17, 2011, indicate that Certain pled guilty pursuant to a plea agreement. The transcript of the February 17, 2011 hearing indicates that "there is no agreement" and that "the Court shall have complete discretion." Transcript at 4.

stopped on his way home. Appellant's Appendix at 40. Certain further states that, since he obtained custody of his daughter, his daughter is attending school and is receiving considerably higher grades.

The court found as aggravating circumstances Certain's criminal history, the fact that Certain was on probation at the time of the offense, and that attempts at probation and community corrections failed to change Certain's attitude and behavior toward criminal activity. The court also noted that Certain was over $40,000 in arrears in child support and that most of that amount can probably be attributed to his prior criminal record and incarceration. The court found as mitigating circumstances the facts that Certain pled guilty without the benefit of a written plea agreement and that he expressed a willingness to change his life and behavior and do the right thing for his daughter. The court noted that there were no indications of drug use or abuse for the last couple of years. The court also noted that in 1996 a conviction for operating as a habitual traffic violator was reduced from a D felony to a class A misdemeanor, which is typically done to avoid a lifetime license suspension, but that he received another conviction for operating while a habitual traffic violator in 2001 which led to a lifetime license suspension by the BMV. The court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced Certain to five years to be served in the Indiana Department of Correction.

The issue is whether Certain's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in

light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Certain argues that the offense to which he pled guilty occurred as he was driving home from work and that he generally arranged a ride to work from a family member but that none were available that day. Certain argues that he was cooperative and polite when stopped by Deputy Rozzi. Certain argues that "[n]o traffic accident occurred as a result of [his] driving, so no one was hurt" and that "[t]his is far from being the worst offense." Appellant's Brief at 11. Certain further maintains that three of his six prior felony convictions involved drug possession and that due to the convictions he spent some time in jail which has made it difficult for him to stay current on his child support obligation. Certain asserts that he recognizes that he needs to become a more responsible parent, that he had been making progress, that he recently gained custody of his daughter, and that her school attendance and grades improved markedly after she moved in with him. Certain asserts that he has not used drugs or alcohol since May 2008 and that he has been employed on and off for at least ten years by a contractor who had informed the trial court that he would hire Certain again. Certain argues that although he has a lengthy criminal history, the crimes are not egregious and that he has been putting his life on the right track. Certain requests that his sentence be reduced to the advisory term of four years.

The State argues that Certain's offense "is not terribly egregious as it is a typical operating a motor vehicle after forfeiture of license for life" but that, nevertheless,

4

Certain's "character demands the imposition of an enhanced sentence, given [Certain's] lengthy criminal history, pattern of similar offenses and continuous failure to rehabilitate." Appellee's Brief at 5. The State asserts that Certain has an extensive criminal history over twenty-two years, which includes multiple convictions involving the operation of a motor vehicle. The State maintains that Certain "has failed to show that he can live in society and follow the rules when given opportunities." Id. at 6. The State argues that Certain has had his probation revoked four times, that there is a class D felony theft charge pending in Tippecanoe County, and that the Indiana Judicial Center's Risk Assessment indicates Certain needs a high level of supervision. The State further argues that the probation department determined that Certain is unqualified for work release privileges and monitored home detention because of his lack of acceptable full-time employment, lack of transportation, inability to meet his financial obligations, and pending legal issues in Noble, Benton and Tippecanoe Counties.

Our review of the nature of the offense reveals that Certain was stopped by Deputy Rozzi in November 2010 for failure to signal and that at the time his license was suspended as a habitual traffic violator for life. Certain was stopped on his way home from work in Dayton, Indiana, to Monticello, Indiana. According to Certain, he did not have a ride to work, had called everyone he knew for a ride and no one could help him, and would have lost his job if he had not gone to work on November 15, 2010. Deputy Rozzi noted in his report that Certain was very cooperative and polite.

Our review of the character of the offender reveals that, in addition to several misdemeanor offenses, Certain's criminal history includes six felony offenses, which

5

consists of possession of marijuana with a prior conviction as a class D felony in 1997, possession of a schedule IV controlled substance as a class D felony in 1998, operating a vehicle after being adjudged as a habitual traffic violator as a class D felony in 2001, escape as a class D felony in 2002, non-support of dependent child as a class C felony in 2007, and possession of cocaine as a class D felony in 2008. Certain previously violated the terms of his probation and was on probation at the time of the offense in this case.

However, we note, as the trial court observed, that since 2008 Certain has not been charged with any drug-related offenses and that he pled guilty without the benefit of a plea agreement. Further, Certain had recently obtained custody of his daughter and, since the time his daughter moved in with him, she is attending school and receiving considerably higher grades. Certain also testified that he did not live closer to where he was employed because he had just been released from prison and could not yet afford to do so.

After due consideration, we conclude that Certain has met his burden of establishing that his enhanced five year sentence is inappropriate in light of the nature of the offense and his character. Pursuant to Appellate Rule 7(B), we exercise our authority to revise Certain's sentence to the advisory sentence of four years and remand with instructions to resentence him accordingly.

Reversed and remanded.

MAY, J., and CRONE, J., concur.